UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GERROD WORTHY

CV 10 5278

C.V. No._____

Plaintiff

-against-

**COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 16 2010 ★

LONG ISLAND OFFICE

CLARENCE SMITH, BARRINGTON DWYER,
And ROCHDALE VILLAGE, INC., and
JOHN DOES 1,2,3 (Whose identities are unknown
But who are known to be special patrol officers
Employed by Rochdale Village, Inc.

(Jury Trial of all issues demanded)

DEARIE, CH. J.

MANN

Defendants
------------------------------------------------------------X

The Plaintiff complaining of the defendants, by his attorney GARNETT H. SULLIVAN, ESQ., respectfully shows to the Court and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action against the defendants seeking relief for the defendant's violation and deprivation, under color of State law, of plaintiff's rights privileges and immunities under the United States and New York Constitutions as well as common law.

2.      Plaintiff seeks damages both compensatory and punitive, equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

3.      This action is brought pursuant to 42.U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the constitution of the United States. Jurisdiction is conferred upon this Court by 42 U.S.C. sec. 1983 and 28 U.S.C. secs. 1331 and 1343(3) and (4), this being an action seeking redress for violation of the plaintiff's constitutional and civil rights.

4.        Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. sec. 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

5.        The plaintiff GERROD WORTHY is a Citizen of the United States and was at all times hereinafter mentioned a resident of the County of Queens and the City and State of New York. Plaintiff is of full age.

6.        The defendants JOHN DOES whose identities are unknown at this time, CLARENCE SMITH and BARRINGTON DWYER at all times relevant herein were residents of the State of New York who were employed by defendant ROCHDALE VILLAGE, INC. as special patrol officers who were appointed as and acting as peace officers pursuant to the Criminal Procedure Laws of the State of New York, and who were further acting under the direction and control of defendant ROCHDALE VILLAGE, INC. Defendants JOHN DOES, CLARENCE SMITH and BARRINGTON DWYER are being sued individually and in their capacities as peace officers acting on behalf of defendant ROCHDALE VILLAGE, INC.

7.   At all times hereinafter mentioned defendant ROCHADLE VILLAGE, INC. was and still is a domestic corporation form, organized and existing by virtue of the laws of the State of New York.

8.   That at all times hereinafter mentioned the defendants were acting under color of the laws, statutes, ordinances and regulations of the State of New York.

## STATEMENT OF FACTS

9. That at all timed hereinafter mentioned plaintiff was a resident of Rochdale Village which is a residential cooperative located in Jamaica Queens, New York.

10. That on or about March 21, 2009 shortly after 4:00 AM the plaintiff was a passenger in a vehicle, which was legally stopped in front of 168-40 127th Ave., which is located within the confines of the Rochdale Village cooperative community, when they were approached by defendants special patrol officers who requested identification.

11. That after plaintiff displayed identifications to defendants, plaintiff heard one of said patrol officers state "it's him", the plaintiff was then punched in the face by one of said defendants and was then forced to the ground, otherwise assaulted, then hand cuffed and arrested. The plaintiff was then transported by defendants to the precinct and was assaulted by defendants while being transported to the precinct.

12. That while plaintiff was being transported to the precinct he kept telling defendants that they have the wrong person, but plaintiff's assertions of innocence were totally disregarded.

13. The plaintiff was forcefully taken to a police precinct in Queens, then to Central Booking and was subsequently brought before a Judge of the Criminal Court of the City of New York, County of Queens where he was arraigned and falsely accused of charges of assault, second degree a felony; assault, third degree; obstruction of governmental administration, second degree; resisting arrest; and disorderly conduct, all violations of the Penal Law of the State of New York.

14. Partly due to the seriousness of the allegations against plaintiff bail was set in the amount of ten thousand ($10,000.00) dollars and plaintiff was held in jail for several days, and was subjected to great indignities.

15.     That defendants knew or had reasons to know that all the charges brought against plaintiff were false and that plaintiff was wholly innocent of all of the aforesaid charges.

16.     That on or about March 26, 2009 the charges were adjourned in contemplation of dismissal pursuant to Criminal Procedure Law sec. 170.55 by Judge Chin-Brandt upon the motion of the Queens District Attorney, and all the charges against plaintiff were subsequently dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION

17.     The plaintiff incorporates by reference each preceding paragraph of this complaint as if fully set forth herein and further allege as follows:

18.     That the said arrest and detention of plaintiff was caused by defendants SMITH, DWYER, and JOHN DOES in their capacity as patrol officers employed by ROCHDALE VILLAGE, INC. without a warrant or other authority of the law and without any reasonable cause or belief that plaintiff was in fact guilty of such crimes.

19.     That the said defendants patrol officers while acting within the scope of their employment as patrol officers by defendant ROCHDALE VILLAGE, INC. caused the plaintiff to be detained and incarcerated at various places until his eventual release by the Court.

20.     That the conduct and actions of defendants SMITH and DWYER acting under color of State Law, in imprisoning plaintiff without probable cause, and against plaintiff's will, was done intentionally, maliciously, with a deliberate indifference and/or with reckless disregard of the natural and probable consequences of their acts; was done without lawful justification or reason, and was designed to and did cause substantial harm, pain and suffering in violation of plaintiff's constitutional rights as guaranteed

under 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

21. As a result of the foregoing plaintiff was deprived of liberty, sustained great emotional damage, was subjected to great humiliation and indignities, and was otherwise harmed, damaged and injured.

22. That the plaintiff was conscious of and did not consent to his confinement.

## SECOND CAUSE OF ACTION

23. Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs.

24. That the defendants each acting individually and acting in concert with each other committed assault and battery upon plaintiff. The acts and conduct of the defendants were the proximate cause of pain, suffering and injuries to plaintiff in violation of his statutory and common law rights as guaranteed him by the laws and the constitution and laws of the State of New York and the United States

25. That the defendants used excessive and unnecessary force before, during and after the plaintiff's arrest all in violation of the plaintiff's constitutionally guaranteed rights.

## THIRD CAUSE OF ACTION

26. Plaintiff incorporates by reference the allegations set forth in each preceding paragraphs of this complaint as though fully set forth at length herein.

27. That the defendant ROCHDALE VILLAGE, INC. negligently hired, screened, retained, supervised and trained defendants SMITH, DWYER and JOHN DOES. The acts of conduct of the defendants were the proximate cause of injury and damage to the

plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and constitution of the State of New York, and the defendant ROCHDALE VILLAGE, INC. is the employer of each of the other defendants and is liable to plaintiff for negligent hiring, screening, retention, supervision and training.

28. That the defendant ROCHDALE VILLAGE, INC., hired and retained as security officers individuals it knew or should have known were incompetent and unfit, possessed dangerous propensities and lack of proper temperament.

29. That the defendant ROCHDALE VILLAGE, INC. failed to exercise care in instructing its officers as to their department behavior, and conduct including failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges.

30. All of the acts were performed without any negligence on the part of Plaintiff and were the proximate cause of plaintiff's loss of liberty, false arrest, imprisonment, and to be otherwise harmed and damaged.

**WHEREFORE**, plaintiff GERROD WORTHY demands the following relief against the defendants, jointly and severally:

(a) Compensatory damages
(b) Punitive damages
(c) Attorney's fees and costs pursuant to 42 U.S.C. sec. 1988, and for such other and further relief as the Court deems proper.

Dated: Floral Park, New York
August 12, 2010

_____
GARNETT H. SULLIVAN, ESQ.
Attorney for Plaintiff
245-02 Jericho Turnpike
Floral Park, NY 11001
(516) 285-1575